# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

DONOVAN JOHN BOWSHIER,                                                              Plaintiff,

v.                                             Civil Action No. 3:19-cv-P143-DJH

DEPUTY MIKE GUNTER *et al.*,                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Donovan John Bowshier filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow one claim to proceed for further development.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). Plaintiff sues HCDC personnel Mike Gunter and Robert Reynolds in their individual and official capacities.

Plaintiff asserts that on March 13, 2018, Defendant Gunter entered his pod "almost immediately after dealing with an altercation that involved physical contact." According to the complaint, Defendant Gunter "stormed into pod disgruntled, mad, and many more aggravating feelings." Plaintiff states that he advised Defendant Gunter that another inmate was lying. He maintains that Defendant Gunter responded by telling him to "Shut up." Plaintiff states that Defendant Gunter had told the other inmate to "roll" his belongings up and said to Plaintiff, "'Matter of fact' roll your things up too. Your going to the hole." Plaintiff asserts that he went to his bunk area and began to roll up his things. Plaintiff states, "As I turn around Deputy Mike

Gunter has his taser pulled out pointed at me and tells me to get on the ground, I follow order and as I'm going down Deputy Mike Gunter deploys his taser into my back. Tasing me calling for back up." Plaintiff continues, "Next thing I k[no]w, Operations officer at the time is helping lift me up off ground. I asked her why he did that and she did not answer. I was taken to medical to have prongs pulled out and then thrown in the drunk tank and then to hole."

Plaintiff maintains, "It is my understanding that a person, an inmate must be in a threatening manner to deploy taser. I was pretty much on ground when deputy Gunter tased me in my back. Camera footage and also numerous inmates would testify to the wrong doing." He states that another deputy reviewed the video footage and "stated I was on the ground pretty much when he tased me in the back." Plaintiff asserts that he discussed this with Defendant Reynolds who "just brushed if off and told me I was in wrong. Lied to me saying there was three deputies in pod when in fact there was just Deputy Gunter."

Plaintiff states that there are a "few deputies" at HCDC "that walk around quick to pull out there tasers to threaten inmates when its absolutely uncalled for. Unnecessary when many times it is just an inmate trying to talk but due to the deputies being perhaps unstable, unprofessional, it is wrong." Plaintiff also lists the names of five people whom he identifies as witnesses.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

#### A.  Official-capacity claims

Plaintiff sues Defendants in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433,

439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants as brought against their employer, Hardin County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was tased by Defendant Gunter without justification. Plaintiff does not allege that any action was taken based on a policy or custom of Hardin County. The complaint alleges an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claim against Defendant Reynolds**

The only allegation Plaintiff makes concerning Defendant Reynolds was that when he discussed the tasing incident with Defendant Reynolds, Reynolds "just brushed if off and told me I was in wrong. Lied to me saying there was three deputies in pod when in fact there as just Deputy Gunter."

To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff has not alleged that Defendant Reynolds was personally involved in the incident where he was tased. The Court finds that Plaintiff's allegations that Defendant Reynolds "brushed off" the incident after the fact and lied to him about the number of deputies present do not amount to personal involvement in alleged unconstitutional conduct to state a claim against Defendant Reynolds.

Moreover, to the extent Plaintiff seeks to hold Defendant Reynolds liable based on his supervisory authority over Defendant Gunter, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at

421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The complaint fails to demonstrate that Defendant Reynolds encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the individual-capacity claim against Defendant Reynolds must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-capacity claim against Defendant Gunter

The Court construes the complaint as alleging a claim of excessive force in violation of the Eighth Amendment against Defendant Gunter. Upon review, the Court will allow this claim to proceed.

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendants Gunter and Reynolds and the individual-capacity claim against Defendant Reynolds are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant Reynolds** as a party to this action.

The Court will enter a separate Order governing the claim which will proceed.

Date: June 4, 2019

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Hardin County Attorney
4415.010